IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BASQUE,

    Petitioner,                    No. CIV S-07-0258 GEB KJM P

    vs.

TERESA SCHWARTZ, Warden, et al,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        This matter was on calendar on July 25, 2007 for a hearing on respondent's motion to dismiss. Steven Sanders, Esq., appeared for petitioner; Robert C. Cross, Deputy Attorney General, appeared for respondent.

        After the hearing the court permitted the parties to file letter briefs on the impact of Taylor v. Maddox, 366 F.3d 992 (9th Cir. 2004), on the issues raised by the motion.

I. Background

        Counsel originally brought this challenge in this court in a civil rights action under 42 U.S.C. § 1983, seeking an injunction directing the defendant prison officials to transfer plaintiff to a conservation camp or grant him the same increased credit earning status as an inmate actually placed in a camp, among other things. Basque v. Schwarzenegger, Civ. No. S-05-1612 FCD KJM P.[1] In that case, the court granted defendants' motion to dismiss, reasoning

---

[1] The court may take judicial notice of its own records. MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

that by granting plaintiff's request for additional good time, plaintiff would gain a speedier release from prison, a remedy available only in a habeas action.  See 12/20/05 Order.

Petitioner turned to the state courts and filed habeas petitions in Solano County Superior Court, the Court of Appeal for the First Appellate District, and the Supreme Court, all of which were denied.  Petition (Pet.), Exs. I, M & N.

Petitioner filed his federal writ on February 9, 2007.  He alleges that because of his HIV status, he was denied a chance to be assigned to the fire camp, where he could earn additional work-time credits and thus reduce his term of imprisonment.  He argues that this policy violates his rights to due process and equal protection and also violates the Americans with Disabilities Act (ADA).

Respondent has filed a motion to dismiss, arguing that the petition does not raise a federal claim as a result of findings of fact made by a state court, which are binding on this court.  Petitioner counters that the Superior Court ignored the evidence petitioner presented in support of his petition.

II. Analysis

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer v. Andrade, 538 U.S. 63, 71 (2003).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The court will look to the last reasoned state court decision in determining whether relief is precluded by 28 U.S.C. § 2254(d).  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  In this case, the only reasoned decision from the state courts was issued by the Solano County Superior Court:

> In a Petition for Writ of Habeas Corpus . . . , Petitioner . . .alleges that the Department of Corrections has improperly refused to place him in a camp or fire fighting assignment based solely on his disability of being infected with HIV.  Petitioner alleges Due Process and Equal Protection violations, as well as violations of the Americans with Disabilities Act . . . .
>
> Petitioner does not state a prima facie case for relief.  (*People v. Duvall* (1995) 9 Cal.4th 464, 475.)
>
> Petitioner has not adequately shown that he is similarly situated to inmates with other disabilities who have received medical clearance for light duty non-hazardous work in camp with respect to qualifying for camp placement. . . .The purpose of section 3355(c) of Title 15 of the California Code of Regulations is to make sure that all inmates who are considered for camp assignment . . . receive medical clearance establishing that they are capable of doing the work and healthy enough not to pose a danger to themselves or others.  Petitioner's medical chronos indicate that he could not be cleared for camp placement not just because of Petitioner's HIV infection, a chronic infectious disease, but also due to his heart disease, his history of ankle fracture and his Achilles surgery.  Petitioner fails to establish that his medical problems do not make him any less capable of performing the work or subject him to a heightened need for medical supervision than those inmates who are medically cleared for light duty non-hazardous work.
>
> Even if the Court determined that Petitioner is being treated unequally from other similarly situated inmates, the decision to deny camp placement is rationally related to the Department's legitimate interest in maintaining Petitioner's health and safety while under its custody. . . . As indicated by Department Officials, Petitioner's infection with HIV and his heart disease constitute medical concerns that require continuing monitoring and intervention by medical staff that is not available in a camp situation.
>
> Petitioner has not demonstrated a need for heightened judicial scrutiny.  Classifications based on disabilities are not suspect and do not require a more exacting standard of judicial review . . .

//////

> Moreover, allowing inmates to reduce their total term of commitment by application of work time credit is a privilege, not a fundamental or constitutionally protected right . . . .
>
> Petitioner also claims an arbitrary deprivation of a constitutional right in violation of the Due Process Clause. Given that a lawful conviction permits a State to commit a prisoner in any of its prisons, regardless of whether one institution imposes a more onerous term of confinement than another, it is doubtful that Petitioner has been denied a constitutional right. . . .Regardless, assuming that failure to assign Petitioner to a camp assignment somehow violated a constitutional right retained upon conviction, judicial review is again limited to determining whether the Department's action is rationally related to a legitimate state interest.
>
> Petitioner also fails to state a prima facie case under the Americans with Disabilities Act. Under the ADA, Petitioner must allege that he is otherwise qualified for the benefit he seeks and that his exclusion, denial of benefits, or discrimination was by reason of the disability. . . . A person is otherwise qualified if he meets the essential eligibility requirements for participation in spite of his handicap. Though the Court must consider whether a reasonable accommodation would enable a handicapped person to perform those functions, accommodation is not reasonable if it requires a fundamental alteration of the nature of the program. . . .
>
> Petitioner fails to provide specific facts and documentary evidence establishing that, but for his HIV infection, he is qualified for placement in camp. . . . The fact that he was cleared for full duty at an institution with the qualified medical personnel to monitor his HIV infection and heart condition does not necessarily mean that he was qualified for camp. Petitioner makes no showing that he meets the Department's criteria for camp placement, even for light duty work, or that the Department could have reasonably provided accommodation that would not change the fundamental nature of the program. Moreover, though Petitioner states that his HIV infection was the only basis for his denial his medical chronos indicate that he had additional health problems that contributed to the Department's decision. His ankle fracture and Achilles surgery rendered him unable to work around slippery surfaces and made climbing difficult. His heart disease requires medication and monitoring. These problems likely contributed to the decision to deny camp placement.

Pet., Ex. I at 2-4.[2]

---

[2] Although neither party has provided a copy of the Superior Court petition, the state court's description of the exhibits suggests that the same exhibits have been offered in support of

Respondent argues that because the state court found petitioner's exclusion from the fire camp was based on ankle fracture, problems with his Achilles tendon, and heart condition as well as his HIV status, the denial of placement was based on the rational interest of maintaining petitioner's health. Petitioner counters, in essence, that the court should not have made such factual findings without ordering a medical examination and a hearing.

In Taylor v. Maddox, the Ninth Circuit examined the application of the "unreasonable determination" standard in the context of factual findings. It concluded that in several situations, a state court's factual determinations would not be entitled to deference. The court observed:

> Closely related to cases where the state courts make factual findings infected by substantive legal error are those where the fact-finding process itself is defective. If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts.

366 F.3d at 1001. Respondent argues that this discussion is dicta, because the state court in Taylor had conducted a hearing on the petitioner's motion to suppress his confession, and cites to Perez v. Rosario, 459 F.3d 943 (9th Cir. 2006) in support of his argument that the state court's failure to hold an evidentiary hearing does not render its findings unreasonable in the AEDPA sense.

In Perez, the Ninth Circuit ultimately concluded that:

> [S]tate court fact determinations are reasonable without an evidentiary hearing, as here, where the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility. Where there is no likelihood that an evidentiary hearing would have affected the determination of the state court, its failure to hold one does not make such determination unreasonable.

Id. at 951 (citation omitted). The court then examined the record and concluded that the

---

the federal petition.

5

1 petitioner's account of his dealings with trial counsel, which changed and expanded after the
2 state had noted deficiencies in the initial declaration and which conflicted with portions of the
3 trial record, were not credible.  Id. at 951-53.
4        In this case, respondent cites Perez, but makes no attempt to argue that the record
5 in the state court conclusively established a fact or that the factual allegations were so incredible
6 that an evidentiary hearing would have had no impact on the determination.[3]  Even if the court
7 assumes that the records attached to the federal petition were in fact the exhibits proffered in
8 Superior Court, it does not find that these records conclusively establish the reason petitioner
9 was excluded from camp placement.  It is true that the officials who denied petitioner's inmate
10 grievances relied on petitioner's heart condition and foot and ankle problems, but there is no
11 suggestion that any of those officials had medical training or the ability to interpret whether the
12 medical problems they found in petitioner's records had in fact contributed to the determination
13 that he was not camp-eligible.  Pet., Ex. C at 8-10, 13-17.  In contrast, the actual "reception
14 center medical clearance/restriction information chrono" notes that he was cleared for "full duty"
15 despite his "htn"–hypertension–but not cleared for camp placement.[4]  The reason for the latter
16 determination is not evident from the forms.  Pet., Ex. B. at 1, 3.
17        The instant case is more like Nunes v. Mueller, 350 F.3d 1045 (9th Cir. 2003),
18 cert. denied, 543 U.S. 1038 (2004), which is cited in Taylor.  In Nunes, the petitioner alleged that
19 counsel had not conveyed a plea offer correctly, causing Nunes to reject it.  Respondent argued
20 that the federal court was bound by the determinations made by the state habeas court, which had
21 decided that Nunes had failed to allege a prima facie case of ineffective assistance of counsel;
22 found an evidentiary hearing to be unnecessary, but then found on the record presented that

---

[3] As noted above, respondent has not submitted a copy of the Superior Court petition.

[4] See Medical Records Analysis, Deciphering Medical Acronyms and Symbols <http://www.goforthmedical.com/acronyms.htm> accessed 10/4/2007.  Other notations on the physical exam report are undecipherable.  Pet., Ex. B.

Nunes could not show he would have pleaded guilty had the offer been adequately conveyed; rejected some of Nunes' evidentiary support because of its dubious relevance and found portions of his declaration not credible; and drew conclusions about what someone in Nunes' position would have done. Id. at 1053-54.

The Ninth Circuit concluded that the state habeas court's resolution of the issues was unreasonable legally and factually. It noted that "[w]ith the state court having purported to evaluate Nunes' claim for sufficiency alone, it should not have required Nunes to prove his claim without affording him an evidentiary hearing. . . ." Id. at 1054. The court continued:

> Its assessment of the evidence went well beyond its self-assigned task of assessing Nunes' allegations for sufficiency to determine whether Nunes would be entitled to relief. State court findings are generally presumed correct unless they are rebutted by clear and convincing evidence or based on an unreasonable evidentiary foundation. But with the state court having refused Nunes an evidentiary hearing, we need not of course defer to the state court's factual findings–if that is indeed how those stated findings should be characterized –when they were made without such a hearing.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . [T]he state court's decision was objectively unreasonable because that court made factual findings (that is, it drew inferences against Nunes where equally valid inferences could have been made in his favor, and it made credibility determinations) when it rather claimed to be determining prima facie sufficiency.

Id. at 1055-56 (citations omitted); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) ("[h]aving refused Killian an evidentiary hearing . . . , the state cannot argue now that the normal AEDPA deference is owed the factual determinations of the California courts"); Green v. White, 232 F.3d 671, 676 (9th Cir. 2000) (no deference to state court factual determination based on speculation rather than on testimony).

In this case, as in Nunes, the Superior Court found that petitioner had not stated a prima facie case, but then evaluated the evidence petitioner had submitted and drew inferences adverse to him, beyond what it needed to do to evaluate the prima facie sufficiency of


petitioner's showing.  See In re Serrano, 10 Cal.4th 447, 456 (1995) (if respondent declines to file a return and "the court *rejects* the petitioner's undisputed factual allegations on credibility grounds, and does so in the absence of an evidentiary hearing, the petitioner is deprived of the opportunity to present additional evidence in support of the undisputed allegations underlying the claim for relief"); People v. Romero, 8 Cal.4th 728, 739 (1994) (once the issues have been joined by the people's return and the petitioner's traverse, the court determines whether an evidentiary hearing is necessary to resolve factual disputes).

Accordingly, because the Superior Court simultaneously found that petitioner had not stated a prima facie case for relief but then made factual determinations based on the evidence petitioner presented, these findings are not entitled to AEDPA deference and thus do not resolve the federal issues presented in the petition.

Respondent's challenge to petitioner's legal claims is based largely on the state court's factual findings and thus the motion to dismiss is not well-taken.

This court need not decide at this stage whether petitioner's equal protection claim should be evaluated under the strict scrutiny or rational basis tests: plaintiff has raised an issue of disparate treatment.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

/////

/////

/////

/////

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2007.

U.S. MAGISTRATE JUDGE

2/basq0258.157