IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BASQUE,

      Petitioner,                           No. CIV S-07-0258 GEB KJM HC

    vs.

TERESA SCHWARTZ, Warden, et al.,

      Respondents.                 <u>ORDER</u>

_____/

        The pending matter before this court is respondent's Second and Supplemental Motion to Dismiss on the ground that the matter is moot and no longer impacts the length of petitioner's confinement.

        Petitioner filed his federal writ of habeas corpus on February 7, 2007 (docket no. 1), while incarcerated in a California state prison. He alleges that because of his HIV status, he was denied a chance to be assigned to the fire camp, where he could earn additional work-time credits and thus reduce the term of his imprisonment. He argues that the policy carried out in the state prisons violates his rights to due process and equal protection and also violates the Americans with Disabilities Act (ADA).

        Respondent filed a second motion to dismiss on April 15, 2008 (docket no. 22), stating she has learned that petitioner has been released on parole and that he currently resides in

1

the state of Oregon.  Respondent argues that the habeas petition is therefore moot according to established Supreme Court and Ninth Circuit precedent.  Petitioner filed his opposition to the motion to dismiss on April 25, 2008 (docket no. 23).

The court has determined that further briefing is necessary to resolve the matter.  Specifically, the court directs counsel for both parties to prepare simultaneous briefs addressing the following issues:

1.  The U.S. Supreme Court defines "parole" as release from prison before the completion of the sentence on the condition that the prisoner abide by certain rules during the balance of the sentence.  <u>Young v. Harper</u>, 520 U.S. 143 (1997).  Does the California parole scheme under Penal Code § 3000 constitute "parole" as defined by the Supreme Court?

2.  If the California parole scheme is not "parole" as defined by the Supreme Court, may the court still rely on the law regarding mootness as laid out by the Supreme Court in <u>Spencer v. Kemna</u> in resolving whether petitioner's habeas case is moot?  <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998).  Or does the court have to apply a different legal standard for mootness in order to rule on respondent's motion to dismiss?  See <u>Serrato v. Clark</u>, 486 F.3d 560 (9th Cir. 2007); <u>Mujahid v. Daniels</u>, 413 F.3d 991 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that counsel for both petitioner and respondent file simultaneous briefs addressing the two issues outlined in this order within thirty (30) days of the date of this order.

DATED:  September 5, 2008.

_____
U.S. MAGISTRATE JUDGE