IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BASQUE,

              Petitioner,              No. CIV S-07-0258 GEB KJM HC

     vs.

TERESA SCHWARTZ, Warden, et al,

              Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        The court has before it respondent's second and supplemental motion to dismiss on the ground that the matter is moot.

I.  <u>Background</u>

        Petitioner originally brought his concerns to this court in a civil rights action under 42 U.S.C. § 1983, seeking an injunction directing the defendant prison officials to transfer plaintiff to a conservation camp or grant him the same increased credit earning status as an inmate actually placed in a camp, among other things.  See <u>Basque v. Schwarzenegger</u>, Civ. No. S-05-1612 FCD KJM P.  In that case, the court granted defendants' motion to dismiss, reasoning that if it were to grant plaintiff's request for additional good time, plaintiff would gain a speedier release from prison, a remedy available only in a habeas action.  See <u>id.</u>, Order Filed December 20, 2005.

1    Petitioner turned to the state courts and filed habeas petitions in Solano County
2    Superior Court, the Court of Appeal for the First Appellate District, and the Supreme Court, all
3    of which were denied. Pet., Exs. I, M & N.

4    Petitioner filed his federal petition on February 9, 2007. He alleges that because of
5    his HIV status, he was denied a chance to be assigned to the fire camp, where he could earn
6    additional work-time credits and thus reduce his term of imprisonment. He argues that this work
7    assignment policy violates his rights to due process and equal protection and also violates the
8    Americans with Disabilities Act (ADA).

9    Respondent filed a motion to dismiss.  Following argument and briefing, this
10   court denied respondent's motion to dismiss for lack of jurisdiction on December 27, 2007 and
11   ordered respondent to file an answer to the petition.

12   Respondent filed a second and supplemental motion to dismiss on April 15, 2008.
13   In support of this motion, respondent stated that in preparing the answer, respondent learned
14   petitioner has been released on parole and that petitioner currently lives in the state of Oregon.
15   Respondent argues that petitioner's release on parole renders his habeas petition moot in
16   accordance with established Supreme Court and Ninth Circuit precedents.

17   Petitioner filed his opposition to respondent's motion on April 25, 2008.  As
18   directed by the court, both parties filed supplemental briefs in October 2008.  The matter is now
19   submitted.

20   II.  Analysis

21   Mootness is a jurisdictional issue directly tied to the case-or-controversy
22   requirement of Article III, § 2, of the Constitution.  A case is moot when it no longer presents a
23   case or controversy; this requirement subsists through all stages of federal judicial proceedings,
24   trial and appellate.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Thus, throughout the litigation, a
25   habeas petitioner must have suffered, or be threatened with, an actual injury traceable to the
26   defendant and likely to be redressed by a favorable judicial decision.  Id.  "[A federal action]

1   should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot

2   grant any effectual relief whatever in favor of the [party seeking relief]."  Calderon v. Moore, 518

3   U.S. 149, 150 (1996).  However, a habeas petition may proceed if the petitioner can establish

4   some concrete and continuing injury from the alleged harm, some "collateral consequence" that

5   petitioner still suffers as a result of the government action he is challenging.  Spencer, 523 U.S. at

6   7-8.  The burden of demonstrating mootness is a heavy one.  Cantrell v. City of Long Beach, 241

7   F.3d 674, 678 (9th Cir. 2001).  Respondent has not met this burden in bringing the second and

8   supplemental motion to dismiss.

9           Respondent's argument for dismissal is that the court may not grant effectual

10   relief even if petitioner succeeds on the merits.  In respondent's latest filing, counsel for

11   respondent argues this matter should be dismissed because "[n]o statute, regulation, or case law

12   has been cited, and none exists, to support this Court awarding Basque 'virtual credit' for a work

13   program in which he did not participate, and then transmuting that virtual credit to a shortening

14   of his period of parole."  See Respondent's Brief Pursuant to Court Order (docket no. 26) at 4.

15           Respondent's contention that this court may neither retroactively award petitioner

16   credit, nor use any such retroactive credit to reduce the petitioner's term of parole, is not well-

17   taken.  In response to the supplemental motion to dismiss, petitioner has cited several cases

18   decided under the Determinate Sentencing Law (DSL) where courts have reduced the term of a

19   prisoner's mandatory parole sentence by an amount of excess time spent in prison.  See, e.g., In

20   re Ballard, 115 Cal. App. 3d 647 (Cal. App. 1st Dist. 1981); In re Sosa, 102 Cal. App. 3d 1002

21   (Cal. App. 2nd Dist. 1980); In re Kemper, 112 Cal. App. 3d 434 (Cal. App. 1st Dist. 1980).  The

22   /////

23   /////

24   /////

25   /////

26   /////

1   appellate court's reasoning in In re Ballard is particularly instructive as to the rationale behind

2   reducing the mandatory parole term in such cases:

3          A defendant's prison release date is calculated by reference to the
       term of imprisonment assigned by the sentencing court (Pen. Code,
4          § 1170 et seq.) or by the Board of Prison Terms (Pen. Code,
       § 1170.2), reduced by any applicable section 2900.5 credits for
5          presentence time actually served, Sage[1] credits for good conduct
       and participation while in presentence custody, and credits for
6          good conduct and participation while in prison ("section 2931
       credits": Pen. Code, §§ 2930-2932). Should application of a credit
7          to which the defendant is entitled be delayed until after his prison
       release date is calculated without regard to the credit, or until so
8          late in his prison term that the credit to be applied exceeds the
       amount of time remaining to be served a defendant will obviously
9          be prejudiced: his actual prison release date will be later than the
       prison release date to which the credit, timely applied, would have
10         entitled him. In such situations unless some adjustment is made,
       the delay in releasing the person from prison will delay his release
11         from parole.

12   115 Cal. App. 3d at 649 (footnote omitted).

13          As to the issue of awarding work credits not earned, petitioner's application cites

14   sufficient California authority to support the use of such a remedy by this court, if the court

15   determines in the future to grant the writ.  California courts have awarded retroactive good time

16   credit in situations where an inmate was willing to earn the credit at issue, but was prevented

17   from doing so due to errors or omissions of prison administrators or through no fault on the

18   inmate's part.  See, e.g., In re Player, 146 Cal. App. 4th 813 (Cal. App. 4th Dist. 2007); In re

19   Randolph, 215 Cal. App. 3d 790 (Cal. App. 1st Dist. 1989) (prisoners were due a retroactive

20   adjustment to the length of their sentences for work credits not earned while out-to-court,

21   including an adjustment to parole discharge dates of those prisoners already out on parole); In re

22   Carter, 199 Cal. App. 3d 271 (Cal. App. 1st Dist. 1988); In re Reina, 171 Cal. App. 3d 638 (Cal.

23   App. 1st Dist. 1985).[2]  California Department of Corrections and Rehabilitation (CDCR) rules

24   _____

25          [1] People v. Sage, 26 Cal. 3d 498 (1980).

26          [2] These cases clarify that the language in Cal. Pen. Code § 2933(b), relied on by
    respondent -- that "[w]orktime credit is a privilege, not a right. Work time credit must be earned

1   allow for credit that is not earned to be applied to a sentence.  See 15 Cal. Code Regs.

2   § 3043.2(c) (listing examples of circumstances beyond the inmate's control resulting in an

3   inmate's failure to work or participate in program activities that cannot be cause for denial or

4   forfeiture of participation credit); 15 Cal. Code Regs. § 3043.5(f) (an inmate deemed completely

5   unable to work due to on-the-job injury generally allowed to maintain work group status).

6          It is true that the cited cases and regulations all concern inmates who were given

7   the initial opportunity to earn work credits, while petitioner was not given any such opportunity.

8   However, the court is charged with disposing of a habeas matter "as law and justice require."  28

9   U.S.C. § 2243.  The Ninth Circuit has observed that "[f]ederal courts have a fair amount of

10  flexibility in fashioning specific habeas relief and . . . [are] vested with the largest power to

11  control and direct the form of judgment to be entered in cases brought up before [then] on habeas

12  corpus.  The court is free to fashion the remedy as law and justice require . . ."  Burnett v.

13  Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citing Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th

14  Cir. 1994); internal quotations omitted).

15         Taking into account this court's obligation in reviewing a habeas petition, as well

16  as provisions of California law that provide both for the reduction of a mandatory parole term by

17  the amount of excess time spent in prison and the award of work credits not earned, this court

18  cannot say that it cannot or will not find petitioner entitled to effectual relief so long as he

19  remains on parole.  If petitioner can prevail on the merits by showing he was denied the

20  opportunity to earn work credits in violation of federal laws and the Constitution, this court

21  could, for example, grant relief in the form of retroactively awarding petitioner credits he should

22  have earned had he been allowed to work and applying those credits against his mandatory term

23  of parole.  Respondent has not carried the burden of showing that such relief is unavailable so as

24  to bar consideration of the merits of the petition.  Therefore, this matter is not moot.

25

26  . . ." -- does not automatically bar courts from issuing retroactive credit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's second and supplemental motion to dismiss be denied;

2. Respondent's answer be filed within thirty days of any order adopting this recommendation; and

3. Petitioner's traverse be filed within thirty days of filing the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2009.

_____
U.S. MAGISTRATE JUDGE

ar/2 basq0258.57