IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BASQUE,

    Petitioner,                No. CIV S-07-0258 GEB KJM P

    vs.

TERESA SCHWARTZ,

    Respondent.             <u>ORDER</u>

_____/

        This matter was on calendar on for hearing on petitioner's motion for an evidentiary hearing. Steven Sanders, Esq., appeared for petitioner; no appearance was made by respondent's counsel.

        In this habeas action, petitioner alleges he was not assigned to a conservation camp based solely on his medical condition as infected with HIV, and so was denied the ability to earn additional good-time credits against his sentence. In previous findings, this court rejected respondent's claim that findings made by the superior court translated into a conclusion that the petition does not raise a federal claim. Docket No. 15.

        Petitioner has now filed a motion for an evidentiary hearing, which respondent has opposed in briefing. Respondent argues that petitioner has not shown cause for an evidentiary

1

hearing and that the record, which petitioner developed, is sufficient for resolution of the issues. He cites to 28 U.S.C. § 2254(e)(2), but beyond this general reference, presents no specific argument that petitioner failed to develop the record below.  Opp'n at 2.  Petitioner counters that any failure to develop the facts in the state court proceedings was not because of his lack of diligence, but rather was because the state court failed to grant him the evidentiary hearing he requested.  Motion at 3; Reply at 2; Answer, Ex. A (superior court petition) at 33 (request for evidentiary hearing on unresolved issues).

> The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in pertinent part:
>
> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
>   (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

A petitioner will be  charged with a "failure to develop" the facts if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000).  The petitioner must have "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."  Id. at 435.  "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the state court in the manner prescribed by state law."  Id. at 437.

In this case, petitioner presented what documentary materials he possessed to the state court and asked for an evidentiary hearing to address those claims not resolved by the paper record. The court finds he acted with sufficient diligence and so is not barred by § 2254(e)(2) from proceeding to a hearing in this court.

This court also must "determine whether a factual basis exists in the record to support the petitioner's claim." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). If the facts do not exist or are inadequate and a hearing might be appropriate, then

> [the] court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has 'failed to develop the factual basis of a claim in State court.' If so, the court must deny a hearing unless the applicant establishes one of the two narrow exceptions set forth in §2254(e)(2)(A) & (B). If, on the other hand, the applicant has not 'failed to develop' the facts in state court, the district court may proceed to consider whether a hearing is appropriate, or required under Townsend.[1]

Id.

In this case, the actual "reception center medical clearance/restriction information chrono" notes that petitioner was cleared for "full duty" despite his "htn"– which the court assumes means hypertension–but not cleared for camp placement.[2] The reason for the latter determination is not evident from the forms. Pet., Ex. B at 1, 3. Later, the officials who denied petitioner's inmate grievances relied on petitioner's heart condition and foot and ankle problems, but there is no suggestion that any of those officials had medical training or the ability to

---

[1] Townsend v. Sain, 372 U.S. 293 (1963). In Townsend, the court listed several factors to be considered to determine whether to hold an evidentiary hearing. These are "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." 372 U.S. at 313. The fifth factor was overruled in Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

[2] Other notations on the physical exam report are undecipherable. Pet., Ex. B.

interpret whether the medical problems they found in petitioner's records had in fact contributed to the determination that he was not camp-eligible. Pet., Ex. C at 8-10, 13-17.  The court finds that an evidentiary hearing is necessary to resolve the remaining questions in the record.

   IT IS THEREFORE ORDERED that:

    1. Petitioner's motion for an evidentiary hearing (docket no. 38) is granted and the matter is set for one day of hearing on Monday, November 23, 2009 at 9:00 a.m. in Courtroom 26;

    2. The parties are directed to follow this schedule in connection with the hearing:

     A. On or before fourteen days prior to the hearing, the parties shall provide witness lists to opposing counsel.

     B. Each party may call any witnesses designated by the other.

     C.  No other witness will be permitted to testify unless:

      i. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing, or

      ii. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in paragraph D below.

     D.  Within the fourteen day period prior to the evidentiary hearing, a party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted to do so unless:

      I. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

      ii. The court and the opposing party were promptly notified upon discovery of the witnesses;

/////

      iii  If time permitted, the party proffered the witnesses for deposition; or

      iv.  If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

   E.  Exhibits, Schedules and Summaries

  Both parties shall exchange copies of their exhibits fourteen days prior to the evidentiary hearing.  Any objections to the exhibits may be raised at the hearing.

  Petitioner will use numbers to mark exhibits; respondent will use letters.

  1.  No other exhibits will be permitted to be introduced unless:

   a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated; or

   b.  The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in paragraph E2 below.

  2.  Within the fourteen day period prior to the evidentiary hearing, a party shall promptly inform the court and opposing parties of the existence of such exhibits so the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be permitted unless:

   a.  The exhibits could not reasonably have been discovered prior to the exchange of exhibits;

   b.  The court and the opposing party were promptly informed of their existence; or

   c.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) cannot be copied the proffering party must show that he made the exhibit(s) reasonably available for inspection by the opposing party.

  The parties are directed to bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing for use by the court during the hearing

/////

/////

1        3. The parties are directed to confer within a reasonable time after receiving this
order to determine whether any of the factual matters may be presented by declaration,
documentary evidence or by stipulation or other means short of hearing.

         4. Any objections to the opposing party's exhibits should be filed within one
week of receiving the exhibit book, if practical, and will be resolved the morning of the hearing.
This does not prevent a party from interposing objections during the hearing, if necessary.

DATED: November 2, 2009.

_____
U.S. MAGISTRATE JUDGE

2

basq0258.oah